IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| M. MILKES INSURANCE AGENCY, INC., on behalf of plaintiff and the class members defined herein, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) |
| BASHAM LUMBER CO., INC., and JOHN DOES 1-10, | )<br>)<br>) |
| Defendants. | ) |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff M. Milkes Insurance Agency, Inc., brings this action to secure redress for the actions of defendant Basham Lumber Co., Inc., in sending or causing the sending of unsolicited advertisements to telephone facsimile machines in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

2. The TCPA expressly prohibits unsolicited fax advertising. Unsolicited fax advertising damages the recipients. The recipient is deprived of its paper and ink or toner and the use of its fax machine. The recipient also wastes valuable time it would have spent on something else. Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause wear and tear on fax machines, and require labor to attempt to identify the source and purpose of the unsolicited faxes.

### PARTIES

3. Plaintiff M. Milkes Insurance Agency, Inc., is a corporation with offices in Cook County, where it maintains telephone facsimile equipment.

4. Defendant Basham Lumber Co., Inc., is a Kentucky corporation with offices at 1628 North Logsdon Parkway, Radcliff, Kentucky 40160.

5. Defendants John Does 1-10 are other natural or artificial persons that were

1

involved in the sending of the facsimile advertisements described below. Plaintiffs do not know who they are.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. §§1331 and 1367. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

7. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Have transacted business in Illinois.

8. Venue in this District is proper for the same reason.

## FACTS

9. On June 29, 2016, plaintiff received the fax advertisement attached as <u>Exhibit A</u> on its facsimile machine.

10. Discovery may reveal the transmission of additional faxes as well.

11. The fax advertises the commercial availability of (a) log buildings and (b) opportunities to sell log buildings.

12. The fax invites the recipient to an "open house" for the sale of these things to be conducted at Basham's place of business in Kentucky.

13. Basham is a dealer or distributor of the log buldings, which are made by an European company.

14. The faxes were sent out by or behalf of defendant Basham Lumber Co., Inc.

15. Defendant Basham Lumber Co., Inc., as the seller of products or services were advertised in the faxes, derived economic benefit from the sending of the faxes.

16. Since the fax advertises an "open house" to be conducted at Basham's place of business, Basham had to be part of the arrangements for the ad campaign.

17.     Defendant Basham Lumber Co., Inc., either negligently or wilfully violated the rights of plaintiff and other recipients in sending the faxes.

18.     Plaintiff had no prior relationship with defendant or the European maker of the buildings and had not authorized the sending of fax advertisements to plaintiff.

19.     The faxes do not contain an "opt out" notice that complies with 47 U.S.C. §227.

20.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

21.     The TCPA provides for affirmative defenses of consent or an established business relationship. Both defenses are conditioned on the provision of an opt out notice that complies with the TCPA. *Holtzman v. Turza*, 728 F.3d 682 (7th Cir. 2013); *Nack v. Walburg*, 715 F.3d 680 (8th Cir. 2013).

22.     On information and belief, the faxes attached hereto were sent as part of a mass broadcasting of faxes.

23.     On information and belief, defendants have transmitted similar fax advertisements to at least 40 other persons in Illinois.

24.     There is no reasonable means for plaintiffs or other recipients of defendants' advertising faxes to avoid receiving illegal faxes. Fax machines must be left on and ready to receive the urgent communications authorized by their owners.

### COUNT I – TCPA

25.     Plaintiff incorporates ¶¶ 1-24.

26.     The TCPA, 47 U.S.C. §227(b)(3), provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

> **(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

27. Plaintiff and each class member suffered damages as a result of receipt of the faxes, in the form of paper and ink or toner consumed as a result. Furthermore, plaintiffs' statutory right of privacy was invaded.

28. Plaintiff and each class member is entitled to statutory damages.

29. Defendants violated the TCPA even if their actions were only negligent.

30. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

31. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons, (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of defendant Basham Lumber Co., Inc., promoting goods or services it sold (d) which did not contain an opt out notice as described in 47 U.S.C. §227.

32. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

33. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of sending unsolicited fax advertisements;

    b. Whether defendants thereby violated the TCPA;

34. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

35. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

36. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

37. Several courts have certified class actions under the TCPA. *Holtzman v. Turza*, 08 C 2014, 2009 WL 3334909, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009), aff'd in relevant part, 728 F.3d 682 (7th Cir. 2013); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.*, 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC*, 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc*., 08 C 4521, 2010 WL 744262, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.*, 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.*, 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v.*

*Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.,* 306 S.W.3d 577 (Mo. App. 2010).

   38. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

   WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class and against defendants for:

  a. Actual damages;

  b. Statutory damages;

  c. An injunction against the further transmission of unsolicited fax advertising;

  d. Costs of suit;

  e. Such other or further relief as the Court deems just and proper.


        s/ Daniel A. Edelman
        Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Dulijaza Clark
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                                s/ Daniel A. Edelman
                                                Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)